ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 14 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOROTHY BURNETT,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT WEST CASUALTY COMPANY; TRUCK SERVICE, INC.; and GENE ROBERT ASHCHENBRENNER.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO.:<br>)<br>)<br>) 1 09-cv-0108<br>)<br>) -GET<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW**, Plaintiff Dorothy Burnett and hereby files this Complaint against Defendants Great West Casualty, Truck Service, Inc., and Gene Ashchenbrenner and show the court as follows:

### PARTIES, VENUE AND JURISDICTION

1.

Plaintiff Dorothy Burnett is a citizen of the State of Georgia and resides in this state, and is subject to the jurisdiction of this court.

2.

Defendant Great West Casualty Company is a corporation existing under the laws of the State of Nebraska that has its principal place of business in the State of Nebraska, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the Summons and Complaint on its registered agent, Alexander T. Galloway, III, 192 Anderson Street, Marietta, Cobb County, Georgia 30060, and is subject to the jurisdiction of this Court.

3.

Defendant Gene Robert Ashchenbrenner (hereinafter sometimes referred to as "Defendant Ashchenbrenner") is a citizen of the State of North Carolina and resides in that state, and may be served with a copy of the Summons and Complaint at his home address at 257 Carolina Avenue, Forest City, North Carolina 28043.

4.

Defendant Truck Service, Inc., ("hereinafter sometimes referred to as "Truck Service, Inc.") is a corporation existing under the laws of the State of North Carolina with its principal place of business in the State of North Carolina, and may be served through its registered agent, John W. Bennett at 241 Vance Street, Forest City, North Carolina 28043, and is subject to the jurisdiction of this Court.

5.

There exists complete diversity between the parties and the amount in controversy exceeds $ 75,000.00

6.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

## **BACKGROUND**

7.

On or about March 13, 2007, Plaintiff was driving a Mazda 626 on Interstate 285 Northbound in DeKalb County, Georgia.

8.

At or about the same time, Defendant Aschenbrenner was driving a tractor-trailer Northbound behind Plaintiff's vehicle.

9.

At the time, Defendant Ashchenbrenner was operating his tractor-trailer on behalf of Defendant Truck Service, Inc.

10.

Plaintiff slowed her vehicle for traffic in front of her.

11.

Defendant Aschenbrenner's brakes failed and his tractor trailer struck the rear of Plaintiff's vehicle.

12.

As a direct and proximate result of this collision, Plaintiff sustained severe and permanent injuries.

## **COUNT I - NEGLIGENCE**

13.

Paragraphs 1 through 12 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

14.

Defendant Ashchenbrenner was negligent in the operation of his tractor-trailer in driving too fast for conditions, failing to maintain a proper lookout, following too closely, and failing to have operable brakes.

15.

Defendant Ashchenbrenner was negligent in striking the rear of Plaintiff's vehicle.

16.

Defendant Ashchenbrenner's negligence was a cause in fact and a proximate

cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

17.

Paragraphs 1 through 16 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

18.

At the time of the subject collision, Defendant Ashchenbrenner was under dispatch for Defendant Truck Service, Inc.

19.

At the time of the subject collision, Defendant Ashchenbrenner was operating his vehicle on behalf of Defendant Truck Service, Inc.

20.

Defendant Truck Service, Inc. is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Ashchenbrenner in regard to the collision described in this Complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Paragraphs 1 through 20 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

22.

Defendant Truck Service, Inc. was negligent in hiring Defendant Ashchenbrenner and entrusting him to drive a tractor- trailer.

23.

Defendant Truck Service, Inc. was negligent in failing to properly train Defendant Ashchenbrenner.

24.

Defendant Truck Service, Inc. was negligent in failing to properly supervise Defendant Ashchenbrenner.

25.

Defendant Truck Service, Inc.'s negligence in hiring Defendant Ashchenbrenner and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was a cause in fact and a proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – NEGLIGENT INSPECTION, MAINTENANCE & REPAIR

26.

Paragraphs 1 through 25 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

27.

Defendants were negligent in failing to properly inspect, maintain and repair the braking system on Defendant Ashchenbrenner's tractor trailer.

28.

As a result of Defendant's negligence in failing to inspect, maintain and repair the braking system, the brakes failed on Defendant Ashchenbrenner's tractor- trailer resulting in the collision with Plaintiff's vehicle.

## COUNT V – DIRECT ACTION

29.

Paragraphs 1 through 28 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

30.

Defendant Great West Casualty Company ("Great West") is subject to a direct action as the insurer for Defendant Truck Service, Inc. pursuant to O.C.G.A. § 46-7-12.

31.

Defendant West was the insurer of Defendant Truck Service, Inc. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

32.

Defendant West and Defendant Truck Service, Inc. are subject to the filing requirements outlined in O.C.G.A § 46-7-12.

33.

Defendant West is responsible for any judgment rendered against Defendant Truck Service, Inc. and Defendant Ashchenbrenner.

## COUNT VI – DAMAGES

34.

Paragraphs 1 through 33 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

35.

As a result of Defendants' negligence, Plaintiff suffered injuries to her head, neck, shoulders, and lower back.

36.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

37.

As a result of Defendants' negligence, Plaintiff has been unable to work and has a claim for lost wages.

38.

As a result of Defendants' negligence, Plaintiff's husband, Michael C. Gray, has incurred a loss of companionship and loss of consortium.

39.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages.

## COUNT VII – PUNITIVE DAMAGES

40.

Paragraphs 1 through 39 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

41.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff Dorothy Burnett prays that she have a trial on all issues and judgment against Defendants as follows:

a) That Plaintiff recovers the full value of her past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b) That Plaintiff recovers for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of the jury;

c) That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of the jury;

d) That Plaintiff recovers the costs of this litigation; and

e) That Plaintiff recovers such other and further relief as is just and proper.

This 14th day of January, 2009.

Respectfully submitted,

By: _/s/ Edtora J. Jones_
Hezekiah Sistrunk, Jr., Esq.
State Bar No. 649413
Kenneth Lester, Esq.
State Bar No. 447516
Edtora T. Jones, Esq.
State Bar No. 399923
***Attorneys for Plaintiff***

**COCHRAN, CHERRY, GIVENS,
SMITH, SISTRUNK & SAMS, P.C.**
The Candler Building, Suite 800
127 Peachtree Street, NE
Atlanta, Georgia 30303
Tel: 404.222.9922
Fax: 404.222.0170