IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOROTHY BURNETT and MICHAEL C. GRAY, <br><br> Plaintiffs, <br><br> v. <br><br> TRUCK SERVICE, INC. and GENE ROBERT ASHCHENBRENNER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) FILE NO. 1:09-CV-0108 (GET) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED COMPLAINT

**COMES NOW**, Plaintiffs Dorothy Burnett and Michael Gray and hereby files this Amended Complaint against Defendants Truck Service, Inc., and Gene Ashchenbrenner and show the court as follows:

### PARTIES, VENUE AND JURISDICTION

1.

Plaintiffs are citizens of the State of Georgia and reside in this state, and are subject to the jurisdiction of this court.



2.

Defendant Gene Robert Ashchenbrenner (hereinafter sometimes referred to as "Defendant Ashchenbrenner") is a citizen of the State of North Carolina and resides in that state, and may be served with a copy of the Summons and Complaint at his home address at 257 Carolina Avenue, Forest City, North Carolina 28043.

3.

Defendant Truck Service, Inc. is a corporation existing under the laws of the State of North Carolina with its principal place of business in the State of North Carolina, and may be served through its registered agent, John W. Bennett at 241 Vance Street, Forest City, North Carolina 28043, and is subject to the jurisdiction of this Court.

4.

There exists complete diversity between the parties and the amount in controversy exceeds $ 75,000.00

5.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

## BACKGROUND

6.

On or about March 13, 2007, Plaintiff Dorothy Burnett was driving a Mazda 626 on Interstate 285 Northbound in DeKalb County, Georgia.

7.

At or about the same time, Defendant Aschenbrenner was driving a tractor-trailer Northbound behind Plaintiff's vehicle.

8.

At the time, Defendant Ashchenbrenner was operating his tractor-trailer on behalf of Defendant Truck Service, Inc.

9.

Plaintiff Dorothy Burnett slowed her vehicle for traffic in front of her.

10.

Defendant Aschenbrenner's brakes failed and his tractor trailer struck the rear of Plaintiff's vehicle.

11.

As a direct and proximate result of this collision, Plaintiff Dorothy Burnett sustained severe and permanent injuries.

## COUNT I - NEGLIGENCE

12.

Paragraphs 1 through 11 of Plaintiffs' Complaint are hereby re-alleged and incorporated as though fully set out herein.

13.

Defendant Ashchenbrenner was negligent in the operation of his tractor-trailer in driving too fast for conditions, failing to maintain a proper lookout, following too closely, and failing to have operable brakes.

14.

Defendant Ashchenbrenner was negligent in striking the rear of Plaintiff's vehicle.

15.

Defendant Ashchenbrenner's negligence was a cause in fact and a proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT II – IMPUTED LIABILITY

16.

Paragraphs 1 through 15 of Plaintiffs' Complaint are hereby re-alleged and incorporated as though fully set out herein.

17.

At the time of the subject collision, Defendant Ashchenbrenner was under dispatch for Defendant Truck Service, Inc.

18.

At the time of the subject collision, Defendant Ashchenbrenner was operating his vehicle on behalf of Defendant Truck Service, Inc.

19.

Defendant Truck Service, Inc. is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Ashchenbrenner in regard to the collision described in this Complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

20.

Paragraphs 1 through 19 of Plaintiffs' Complaint are hereby re-alleged and incorporated as though fully set out herein.

21.

Defendant Truck Service, Inc. was negligent in hiring Defendant Ashchenbrenner and entrusting him to drive a tractor- trailer.

22.

Defendant Truck Service, Inc. was negligent in failing to properly train Defendant Ashchenbrenner.

23.

Defendant Truck Service, Inc. was negligent in failing to properly supervise Defendant Ashchenbrenner.

24.

Defendant Truck Service, Inc.'s negligence in hiring Defendant Ashchenbrenner and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was a cause in fact and a proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV – NEGLIGENT INSPECTION, MAINTENANCE & REPAIR

25.

Paragraphs 1 through 24 of Plaintiffs' Complaint are hereby re-alleged and incorporated as though fully set out herein.

26.

Defendants were negligent in failing to properly inspect, maintain and repair the braking system on Defendant Ashchenbrenner's tractor trailer.

27.

As a result of Defendant's negligence in failing to inspect, maintain and repair the braking system, the brakes failed on Defendant Ashchenbrenner's tractor- trailer resulting in the collision with Plaintiff's vehicle.

## COUNT V – DAMAGES

28.

Paragraphs 1 through 27 of Plaintiffs' Complaint are hereby re-alleged and incorporated as though fully set out herein.

29.

As a result of Defendants' negligence, Plaintiff Dorothy Burnett suffered injuries to her head, neck, shoulders, and lower back.

30.

As a result of Defendants' negligence, Plaintiff Dorothy Burnett has incurred past medical expenses and will continue to incur future medical expenses.

31.

As a result of Defendants' negligence, Plaintiff Dorothy Burnett has been unable to work and has a claim for lost wages.

32.

Plaintiff Michael C. Gray is the husband of Plaintiff Dorothy Burnett. As a direct and proximate result of the Defendants' negligence, Mr. Gray has lost the comfort, lost the companionship, lost the consortium, lost the society and services of his wife.

33.

As a direct and proximate result of Defendants' negligence, Plaintiffs incurred medical bills for treatment of injuries, lost income, and suffered severe pain, anxiety, permanent bodily injuries, resulting in permanent diminished capacity, mental anguish, emotional distress, loss of companionship, loss of consortium, and loss of enjoyment of life.

## COUNT VII – PUNITIVE DAMAGES

34.

Paragraphs 1 through 33 of Plaintiffs' Complaint are hereby re-alleged and incorporated as though fully set out herein.

35.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiffs to an award of punitive damages.

**WHEREFORE**, Plaintiffs Dorothy Burnett and Michael C. Gray pray that they have a trial on all issues and judgment against Defendants as follows:

a) That process issue and Defendants be served as provided by law;

b) That Plaintiffs have a trial by jury;

c) That judgment be entered in favor of Plaintiffs against Defendants, jointly and severally, for general, special, compensatory, punitive and all other permissible damages allowed; and

d) That all cost be taxed against the Defendants, including attorney's fees; and that Plaintiffs have all other relief that this Court deems just and proper.

This 26th day of May, 2009.

                COCHRAN, CHERRY, GIVENS,
                SMITH, SISTRUNK & SAMS, P.C.

                /S/
                Hezekiah Sistrunk, Jr., Esq.
                Georgia Bar No. 649413
                Kenneth Lester, Esq.
                Georgia Bar No. 447516
                Edtora T. Jones, Esq.
                Georgia Bar No. 399923
                *Attorneys for Plaintiff*

The Candler Building, Suite 800
127 Peachtree Street, N.E.
Atlanta, Georgia 30303
404.222.9922
404.222.0170 (Fax)